CITY OF NATCHEZ v. CHRISTINA LEWIS.

[43 South., 471.]

MUNICIPALITIES.  *Defective sidewalk.  Personal injury.  Knowledge of defect.*

 A municipality which allows a dangerous hole to remain in its sidewalk for several months without taking any precautions to give warning of the danger is liable to one who steps into the hole and is injured while going along the walk, which was inadequately lighted, on a dark rainy night, although such person knew that the hole existed and the injury resulted from momentary forgetfulness of its presence.

FROM the circuit court of Adams county.

HON. MOYSE H. WILKINSON, Judge.

Christina Lewis, the appellee, was plaintiff in the court below; the city of Natchez, the appellant, was defendant there. From a judgment in favor of the plaintiff defendant appealed to the supreme court.

The plaintiff's suit was for recovery of damages for personal injuries sustained by her by reason of defective condition of a sidewalk on one of the streets of the city.   The evidence showed that the city for several months before plaintiff's injury allowed a hole to exist in the sidewalk, and up to the time of plaintiff's injury took no precautions to give warning to pedestrians of the defect; the hole was twelve inches or more in length, and about eight inches in depth, and slanted downward and outward toward the street; the nearest street-light was some distance away and obscured by trees.   The plaintiff, late at night, in company with her stepson, was going home along this sidewalk; it was dark; a drizzling rain was falling; to avoid the mud plaintiff was walking on the outer edge of the sidewalk, and on reaching the hole, which she did not see in the darkness, she fell into it, and sustained severe injuries.   For

some time before the injury plaintiff had known of the hole, having previously passed along the sidewalk and by the hole, but at the time of her injury she had forgotten it. The defendant at the close of the testimony asked a peremptory instruction in its favor, but this was refused. The main issue on which instructions were granted, both to plaintiff and defendant, related to whether plaintiff exercised reasonable care at the time she was injured. The jury returned a verdict of $500 in favor of the plaintiff.

*Chas. F. Engle,* for appellant.

The court below should have granted the peremptory instruction asked in favor of the defendant. In refusing such peremptory instruction the court was influenced by the case of *City of Pascagoula* v. *Kirkwood,* 86 Miss., 630, s.c., 8 South., 547. A difference, however, exists between that reported case and this. In the case cited Mrs. Kirkwood would have been compelled to abandon the sidewalk, and to have gone into the street, to avoid the step-off which was in the sidewalk. In this case the only way the appellee, Mrs. Lewis, could have sustained her injury was by abandoning the traveled part of the sidewalk and, by passing along the edge of the sidewalk, thus encounter the hole. It was easily possible for the appellee to have passed safely, as there was a breadth of five feet or more of good walk at the place she was hurt. Under the circumstances we submit that the municipality was not liable. 1 Thompson on Neg., 415. We submit that the question of contributory negligence in this case was one of law. *Bridges* v. *Jackson Electric Ry. Co.,* 86 Miss., 584, s.c., 38 South., 788.

The city would not have been liable if the plaintiff had stepped off the sidewalk into the hole at a time when she was not using ordinary care and caution for her own safety. Then, why would not the rule hold true if she stepped into the hole at a time when she was not using ordinary care and caution for

her safety? See *Meridian* v. *Stainback* (Miss.), 30 South. Rep., 607; *Vicksburg* v. *Hennesy,* 54 Miss., 396.

*J. B. Stirling,* and *F. M. West,* on the same side.

The testimony in this case shows that the appellee, Mrs. Lewis, had been to a reception, and was returning home with her stepson as escort, between ten and eleven o'clock at night; that the night was dark and rainy; that the streets were slippery; that the sidewalk was muddy; that it had been raining all day, and was drizzling rain that night; that the appellee was traveling her usual gait, which she says was fast in daytime and slow at night, but which her stepson testified was pretty fast that night since he had to walk rapidly to keep up with her; and that when she came to the hole in the sidewalk, she fell in. The appellee was asked, on cross-examination, as to her knowledge of the defective sidewalk, and admitted her knowledge of the same. Note her answers to the questions propounded to her:

"Q. Before this accident, about how many times did you use that sidewalk since you have been living down there? A. I cannot tell you. I have been living there about ten years. Q. Did you use that sidewalk on an average of once a day coming and once a day returning? A. Sometimes I used it more than that. Q. As much as two or three times a day? A. Yes, sir. Q. For the last ten years? A. Yes, sir. Q. Was that hole in the sidewalk when you came up town that night? A. Yes, sir, the hole had been there for a long time. Q. You had seen it? A. Yes, sir, I had seen it. Q. How long had that hole been there? A. For a couple of months. Q. You noticed it when you came up town that night? A. Yes, sir. Q. At the time you fell in, you did not see the hole? A. No, sir, I walked on the pavement, but didn't know about it and forgot about it. Q. You say you forgot about the hole? A. Yes, sir. I knew the hole was there, but I didn't just exactly know where it was that dark night."

Now, we respectfully submit that the foregoing is not the testimony of a prudent, careful person, who on a dark and rainy night, with streets slippery and sidewalks muddy, is careful enough to think of a hole which she knew existed, and which she should have been anxious to avoid. It would appear that appellee was not averse to falling into the hole.

While we are aware that this court in the case of *Jackson v. Brown* (affirmed without opinion), and *Jackson v. Carver,* 82 Miss., 585, 35 South., 157, and *Pascagoula v. Kirkwood,* 86 Miss., 630, s.c., 38 South., 547, has held that knowledge of defects by the party injured will not of itself preclude recovery by the injured party under certain conditions, yet we think that inasmuch as the appellee admits that she was not prudent, and that, with full knowledge of the circumstances, she did not use ordinary precautions for her protection, she is guilty of such contributory negligence as should preclude recovery on her part.

*Claude Pintard,* for appellee.

The only issue in this cause was whether the plaintiff, Mrs. Lewis, used ordinary care and prudence to prevent injury to herself. This issue was passed upon by the jury under proper instructions of the court, has been decided in favor of Mrs. Lewis, hence will not be further considered here.

As regards the contention that Mrs. Lewis was guilty of contributory negligence, the evidence did not substantiate such charge. Moreover, this question was decided in the issue mentioned above, as to the care and prudence exercised by the plaintiff.

The defective condition of the sidewalk had continued for such a length of time before the injury that the city had due knowledge of its condition. *Natchez v. Shields,* 74 Miss., 871, s.c., 21 South., 797; *Jackson v. Carver,* 82 Miss., 585, 35 South., 157.

Knowledge of the defective condition of the sidewalk by the

plaintiff did not impose upon her the duty of exercising more than ordinary care as determined by the circumstances of the particular case, and it would be error to require the jury to find that the plaintiff was compelled to exercise extraordinary care. *Meridian* v. *McBeath,* 80 Miss., 485, s.c., 32 South., 53; *Jackson* v. *Carver,* 82 Miss., 58, 35 South., 157; *Pascagoula* v. *Kirkwood,* 86 Miss., 630, s.c., 38 South., 547; 15 Am. & Eng. Ency. Law (2d ed.), 470.

CALHOON, J., delivered the opinion of the court.

There was a hole in the sidewalk, extending into it twelve inches or more, and slanting downward and outward toward the street several feet. It had been there some months—too long for entertaining the idea that the city had no notice of it. There was no light to expose it to persons at night. Appellee knew of the existence of this hole, but on the particular occasion forgot it. On a night dark and rainy, somewhere about eleven o'clock, she, in company with her stepson, was going home along this sidewalk, and, to avoid the mud, was walking on the outer edge, and fell into it, and was seriously hurt, and got the very moderate verdict of $500 damages.

Legal principles are adaptive to situations. What are applicable to those walking in the light may not always be applied to those walking in the dark; and cities, under the circumstances and conditions of the present case, cannot avoid liability from the momentary forgetfulness of persons so using sidewalks which should be free from such traps.

*Affirmed.*