## MAYOR AND ALDERMEN OF KNOXVILLE *v.* CAIN.*

### (*Knoxville.* September Term, 1913.)

1. MUNICIPAL CORPORATIONS. Torts. Obstructions in streets. Contributory negligence. Knowledge of defect.

While a citizen, walking along a street, need not keep his eyes on the pavement all the time, and may assume that the city has done its duty, and may even be excused for temporary forgetfulness of a danger when his attention is distracted, where plaintiff, walking along the street after dark, was injured by falling over some stakes two or three feet high driven in the ground at the edge of the sidewalk, the presence of which he was familiar with, which he testified that he simply forgot, without offering any excuse, he is precluded by his negligence from recovery against the city. (*Post, p.* 255.)

Cases cited and approved: Lerner v. City of Philadelphia, 21 L. R. A. (N. S.), 614, 648-653; Reynolds v. Los Angeles & E. Co., 39 L. R. A. (N. S.), 896; Jacobson v. Oakland Meat & Packing Co., Am. Cas., 1913B, 1194, 1197-1204; Carson v. City of Genesee, 9 Idaho, 244; Brownsville v. Arbuckle (Ky.), 99 S. W., 239; Town of Corinth v. Lawrence (Ky.), 127 S. W., 1009; City of Natchez v. Lewis, 90 Miss., 310; Chase v. Atchison, T. & S. F. Ry. Co., 134 Mo. App., 655; Knoxville v. Cox, 103 Tenn., 372.

2. TRIAL. Taking case from jury. Direction of verdict. Consideration of evidence.

In passing on a motion by defendant for a peremptory instruction in his favor, it must be assumed that the evidence of plaintiff's witnesses is true. (*Post, p.* 252.)

---

*The authorities on the question of the effect of contributory negligence on municipal liability for defects and obstructions in street are collated in an extensive note in 21 L. R. A. (N. S.), 615.

Mayor and Aldermen v. Cain.

3. **NEGLIGENCE.** Contributory negligence. Question for jury. Where the evidence shows without contradiction that plaintiff's negligence proximately contributed to his injury, the case is one for a peremptory instruction for the defendant. (*Post, p.* 258.)

Cases cited and approved: Railway v. Haynes, 112 Tenn., 712, 730-734; Tyrus v. Railroad, 114 Tenn., 579.

---

### FROM KNOX.

---

Appeal from Circuit Court, Knox County.—Von A. HUFFAKER, Judge.

W. F. BLACK, for plaintiff.

W. T. KENNERLY, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This action was brought by Cain against the plaintiff in error to recover damages for an injury alleged to have been inflicted upon him by the negligence of the city in permitting the existence of certain obstructions on the sidewalk of Bluff street. He recovered a judgment for $200, and from this an appeal was prosecuted to the court of civil appeals, and there the judgment was reversed. The case was then brought to this court by the writ of *certiorari*.

There was a motion made in the trial court for a peremptory instruction in favor of the plaintiff in error, defendant in that court. Error is assigned here

upon the action of the court of civil appeals in sustaining that motion and reversing the trial court because of its disallowance of the motion.

The facts disclosed by the record are as follows:

Bluff street is a short and narrow residence street near the boundary line of the city. At the place where the accident occurred there was a cinder way doing service for a sidewalk, about three and one-half feet wide. At the outer edge of this cinder path, where the curbing would have been if the street had been paved with bricks or cement, and nearly opposite the gate of one Clift, there were two sticks or stobs driven in the ground for the purpose of preventing wagons from encroaching upon the cinder way. One of these stobs was two feet and two inches high, and the other about three feet and two inches. They were three to five inches in circumference at the top, and had been placed in the margin of the sidewalk, according to Cain's witnesses, with the consent of John W. Flenniken, chairman of the board of public works, who, as such chairman, had charge of the streets and street forces of the city. This is denied by Mr. Flenniken; but, in passing on this motion, we must assume the evidence of the plaintiff's witnesses as true.

The injury occurred at night, just after dark, in July, 1910. The stobs had been placed two or three weeks before this time. Cain testifies that he passed along the sidewalk in question every day, and was familiar with the location of the objects mentioned. It is shown that on the night of the injury he had been

to a grocery store on business and was returning home, walking rapidly, in company with one Jim Taylor. While so walking he stumbled against one of the stobs and could not recover himself, and fell against the other as the result of his first misadventure, and as a consequence he suffered a severe injury in one of his legs, and fractured one of his ribs. There were lights about 190 feet each way from the location of the stobs, one of which was an arc light, and the other a small incandescent light; but the trees were in full leaf, and cast a shadow upon the place where the stobs were located, and, owing to the distance of the lights, and the partial obscuration of the arc light by an intervening hill or roll in the street, and also owing to the shadow made by the foliage of the trees, Cain probably could not have clearly seen the stobs at the time he ran on them, even if he had been looking. We now quote from his testimony: "Q. If you knew the sticks were there, how happened you to run into them? A. Just forgot. Q. Just temporarily forgot them? A. Yes, sir; I just forgot; hadn't been any time since I just thought of the sticks; it hadn't been but about a minute. Q. Could you see the sticks any time before you got to them? A. No, sir; I could not, I couldn't see anything there."

Do these facts present a case for peremptory instructions in favor of the city, because of the contributory negligence of Cain?

The cases bearing on the subject of momentary forgetfulness of a danger are very numerous. As appli-

cable to defects in streets, many will be found collected and digested in a note to *Lerner* v. *City of Philadelphia,* 21 L. R. A. .(N. S.), 614, 648-653, and *Reynolds* v. *Los Angeles & E. Co.,* 39 L. R. A., (N. S.), 896, and as applicable to master and servant in a note to *Jacobson* v. *Oakland Meat & Packing Co.,* Ann. Cas., 1913B, 1194, 1197-1204. See, also, *Carson* v. *City of Genesee,* 9 Idaho, 244, 74 Pac., 862, 108 Am. St. Rep., 127; *Brownsville* v. *Arbuckle* (Ky.), 99 S. W., 239; *Town of Corinth* v. *Lawrence* (Ky.), 127 S. W., 1009; *City of Natchez* v. *Lewis,* 90 Miss., 310, 43 South. 471; *Chase* v. *Atchison, T. & S. F. Ry. Co.,* 134 Mo. App., 655, 114 S. W., 1141. See, also, 3 Abb. Munic. Corp., sec. 1049, and note.

It is impossible to formulate a rule which will embrace all of these cases. We have one case on the subject, *Knoxville* v. *Cox,* 103 Tenn., 372, 53 S. W., 736, in which the court quoted from Beach on Contributory Negligence, as cited by counsel, the following:

"Where one, knowing the danger, temporarily forgets it and in consequence suffers, his forgetfulness will not avail him as an excuse. What he knows he must remember at his peril, and not to remember is contributory negligence, if it occasions the injury," and then commented: "If this is to be understood as announcing the proposition that prior knowledge of a defect, with momentary forgetfulness of its existence, resulting in an injury, constitute contributory negligence which will bar recovery, then we are not prepared to accept it. These facts while they are to be

considered by the jury in determining whether the plaintiff's negligence has proximately contributed to his injury, yet of themselves do not necessarily constitute such negligence.''

It is to be remembered, in considering the facts now before the court, that three and one-half feet width of way permitted no extra space for two men to walk together, and that Cain, who was on the outside, was necessarily thrown very near the stobs in passing them. It was too dark to see the stobs, and the two men were walking rapidly. Under the circumstances there was evident danger of tripping on the stobs. There can be no doubt that, if Cain had kept the place, the situation, and the stobs in mind, he would not have been injured; as little doubt that his failure to keep these things in mind was the proximate cause of that injury. He knew the danger, but did not keep it in mind. Was his forgetfulness an excuse? We agree that a citizen walking along a street does not have to keep his eyes on the pavement all the time; that he may presume the city has done its duty; that even when he knows it has not done its duty, and there is a defect of which he has knowledge, he does not have to keep the defect in mind at all times on peril of suffering injury without redress; that if his attention is called away by any cause adequate to effect that result, considering human nature in its ordinary aspects, and with regard to its ordinary susceptibilities, he may be excused, and that a jury must judge of the adequacy and reasonableness of such cause as related to the duty of ordinary care

on the part of the citizen.  We can, understand how terror, caused by the near approach of a runaway horse, or of a rabid dog, or the approach of any dangerous animal, or the threatening aspect of a dangerous, violent man, or a sudden fire alarm, or the happening of an accident to any person in view of one, or the suddenly communicated news of the illness of a relative or friend, or the absorption of the mind in the condition of a sick relative or friend just visited, or about to be visited, or even the hail of an acquaintance across the street, may divert the attention from a known danger, without impeachment of negligence on the part of the person so diverted (having respect however, always to the gravity of the danger, which, when great, should command the greater attention); but we do not see how one can be excused who admits that there was nothing to divert his attention, that he simply forgot—that is, that he failed to pay attention to his going.  Therefore, while it is true, as laid down in *Knoxville* v. *Cox,* that the mere fact of a temporary lapse of memory in presence of a known danger is not always proof of negligence, yet we think this must be understood with the qualification above indicated; that is, that such lapse must be shown to have reasonable cause, one which is apart from mere inattention.  The duty of everyone in presence of a known danger is to give heed, and to walk with care; yet the law recognizes the truth that men are imperfect, that few have adequate command of their faculties, emotions, and propensities, and the power of steady atten-

tion, and that most are easily moved from the due balance of mental composure. So it is the exceptions we have mentioned, and others like them, are tolerated out of tenderness to the weakness of human nature. But we do not think we should go the length of holding that every lapse of memory is excusable. Such a rule would breed fraud, and put an end to the responsibility of plaintiffs for the exercise of due care, or at least render impossible the enforcement of it when interest prompts deception and weakness yields to it.

We are of the opinion, therefore, that defendant in error was, on his own showing, inexcusably negligent, and that the trial judge should have given the peremptory instruction called for.

But it is urged that the question of contributory negligence is one always for the jury. This subject was considered in *Railway* v. *Haynes,* 112 Tenn., 712, 730-734, 81 S. W., 374. It was there held that the negligence of a plaintiff is as much a matter for the examination of the court as that of a defendant, with a view to determining whether there was negligence in law, but that whether such negligence, conceding its existence, was the proximate cause of the injury, or proximately contributed to it, was always a question for the jury. "The question of contributory negligence, in the aspect above indicated," continued the court, "is always a matter for the jury. Subsequently, however, on appeal, in considering the verdict of the jury under an assignment that there is no evidence to sustain the verdict, or upon reviewing the action of

128 Tenn. 17

the court below upon a demurrer to the evidence, this court will determine whether the facts proven clearly show contributory negligence upon the part of the plaintiff below that acted as a proximate cause to produce the injury, and, upon ascertaining the existence of such proximate contributory negligence, will reverse the judgment.'' We may add that, where the evidence shows, without contradiction, as in the case now before us, that the plaintiff below was not only negligent, but that his negligence proximately contributed to the injury which he received, the case is one for peremptory instructions. There is nothing for the jury to determine. *Tyrus* v. *Railroad,* 114 Tenn., 579, 86 S. W., 1074.

It results there is no error in the judgment of the court of civil appeals, and it must be affirmed.