# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF MISSISSIPPI

### AT THE

## OCTOBER TERM, 1917.

### SEA FOOD CO. *v.* ALVES.

[77 South. 857, Division A.]

1. MASTER AND SERVANT. *Injuries to servant. Actions. Evidence.*

   Under the facts in this case, which was a suit by a servant against his master for injuries sustained by stepping through a hole in defendant's wharf, the court held, that while plaintiff was not actually engaged in greasing the car for the master (which was the work for which he was employed), at the very moment when he was injured, yet he was in the employment and about the master's business at a place incident to his work, where he had a right to be as a servant employed to do that particular character of work, when he stepped into the hole and was injured.

2. MASTER AND SERVANT. *Injury to servant. Safe place to work. Question for jury.*

   Under the facts as set out in its opinion in this case the court held, that the question as to whether or not the defendant furnished plaintiff a safe place in which to work was a question to be submitted to the jury.

3. MASTER AND SERVANT. *Injuries to servant. Admissions.*

   Where, after a servant was injured by stepping through an unguarded hole in his master's wharf, the master boxed and guarded the hole so as to make it safe to persons and employees who had to walk along and about the tracks on this wharf in the performance of their duties, this was not an admission of negligence, but was to be considered only in determining whether or not the master was guilty of negligence in the first instance in not boxing or guarding the dangerous hole so as to prevent injury to persons employed there who might step into it.

117 Miss.]  (1)

4. NEGLIGENCE. *Effect of contributory negligence.*

The contributory negligence of plaintiff will not defeat his cause of action, if defendant is guilty of negligence, but should be considered only in diminishment of the damages.

5. MASTER AND SERVANT. *Safe place to work. Duty of master.*

The duty of the master extends to preventing the premises upon which he requires the servant to work from containing dangerous pitfalls, holes, obstructions, or other mantraps in which his servant is liable, unguardedly, to fall while his mind is absorbed in the duties of his employment, or during momentary forgetfulness of the presence of the danger.

6. MASTER AND SERVANT. *Injuries to servant. Assumption of risk.* ·

There is no assumption of risk by a servant where the master is guilty of negligence.

7. DAMAGES. *Measure. Personal injuries.*

Under the facts in this case the court held that an award of five thousand dollars was not excessive.

APPEAL from the circuit court of Harrison county.

HON. JAMES H. NEVILLE, Judge.

Suit by Joe Alves by next friend, against the Sea Food Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Carl Marshall,* for appellant.

That plaintiff, when injured, was not engaged in his work, was not in his place of work, and was not in a place incidental or reasonably appurtenant thereto, and was not at the time moving in furtherance of his work, is manifested by every witness (including plaintiff) whose testimony touched upon the point.

The rule is well settled. We submit, that when an employee is injured while not acting in furtherance of his employment, as in the instant case, where the plaintiff went from his place of work a distance of thirty feet, where he unnecessarily conversed with another employee, and loitering there for ten minutes, was injured in said place where he had no reason to be, he

cannot recover damages against his employer for his injuries. *Yazoo & Mississippi Valley Railroad Company* v. *Louis W. Slaughter et al.*, 92 Miss 289, 45 So. 873; *N. O. & N. E. Railroad* v. *Mobly* (Miss.), 63 So. 665; *Olson* v. *Railroad Company*, 76 Minn. 149, 48 L. R. A. 796; *Railroad Company* v. *Adams*, 105 Ind. 151, 45 N. E. 187; *Goff* v. *Railroad*, 86 Wis. 237, 65 N. W. 465; *Kauffman* v. *Maier*, 94 Cal. —, 269 Pac. 481; *Pioneer Mining and Manufacturing Company* v. *Talley*, 43 So. 800, 152 Ala. 162.

But even assuming that plaintiff was injured while in the discharge of his duties, and in his place of work, or in a place to which the performance of his work reasonably required him to go, a fact negatived by the entire record, he utterly failed to prove in the trial below that his injury was caused by a condition of the wharf negligently maintained by appellant, within the scope of the law. This being true, despite his minority, he, as an employee, assumed the risk of injury from this incidental hazard of his work, he, as shown by the record, knowing and appreciating and realizing the danger. *Hope* v. *Railroad Company*, 98 Miss. 822; *A. & V. Railroad Company*, v. *White*, 106 Miss. 141.

Nor can any presumption of negligence be entertained against appellant because of the appellant's efforts, successful or unsuccessful, to enclose the cable and slot after the occurrence of the accident. The record shows the plaintiff on the witness stand with great adroitness "shooting in" the statement that the "hole" had been closed; and, on the same page, volunteering the information that he was not playing. But the law will not bar progress by using efforts at eliminating the human equation as criteria of past negligence. *Adams* v. *Crim* (Ala.), 58 So. 442; *Burnwell Coal Co.* v. *Setzer* (Ala.), 67 So. 604; Jones on Evidence, 288; *Alabama Coal, etc., Company* v. *Heald*, 42 So. 808, 149 Ala. 405, *Kent* v. *Railroad Company*, 77 Miss. 494, 27 So. 620, 78 Am. St.

Rep. 535; *Hope* v. *Railroad Company,* 98 Miss. 822, 54 So. 369; *Railroad Company* v. *White,* 106 Miss. 141, 63 So. 345; *Railroad Company* v. *Wooley,* 77 Miss. 927, 28 So. 26; *Hooks* v. *Mills,* 101 Miss. 91, 57 So. 545.

And in determining what is reasonably safe the employer must be accorded the right to assume that employees will fairly, or at least to a reasonable degree, exercise the faculties with which nature has provided them for their protection. *Woodward Iron Company* v. *Marbutt,* 62 So. 807; Labatt, Master and Servant, chapter 4.

Appellee, we submit, was injured solely by his own action, and not by any negligence of appellant proximately causing his injury. The requested peremptory charge should have been given appellant. *Ikler* v. *Nix,* 114 Miss. 293, 75 So. 120. When the testimony fails to show negligence of the master, but on the contrary. that the servant was injured by his own negligence, a peremptory charge should be granted.

The doctrine of *volenti non fit injuria,* rare in its practical application, applies here with peculiar force. Even though the negligence of appellant, which is negatived by the record, were assumed to exist, and even in the light of our statutory abolition of the defense of assumption by the servant of the risk of injury from defects due to his master's negligence to the injured party; and even assuming that appellee was injured while at work, and in his place of work, we cannot conceive of a plaintiff's being permitted to recover damages for an injury received by him, whether the relationship of master and servant exists or not, when knowing, seeing, and appreciating the danger, he uselessly and voluntarily incurs it.

We respectfully and earnestly submit to the court that for the reasons above given, among others, the judgment of the learned court below should be reversed.

*Mize & Mize,* for appellee.

So we submit that there is nothing in any of appellant's contentions. This case falls squarely within the doctrine announced in 4 Thompson on Negligence, sec. 3888, to-wit: "Duty of master to prevent or guard man traps, trap doors and other hidden dangers on such premises. This duty of the master extends to preventing the premises whereupon he requires the servant to work, from containing dangerous pitfalls, obstructions or other man traps into which his servant is liable, unguardedly, to fall while his mind is absorbed in the duties of his employment."

This was exactly the case here. This unfortunate youth had his mind absorbed in his work and slipped into the hole which appellant had left exposed near the track where he had to perform his work of greasing cars. See also cases cited by Thompson to sustain this doctrine.

The cases cited by appellant announce correct propositions of law, but appellant's trouble is that the facts in the case do not support the doctrine laid down in the cases cited by counsel.

The verdict in this case is not excessive, and appellant does not contend that it is. In fact, it is very moderate for the injury sustained by appellee. This boy's leg was horribly mangled by being caught by this moving cable; the flesh was torn from the bones and the bones both broken at different places below the knee. As to the extent of his injury, see his testimony and the testimony of Dr. Wallace, and the testimony of Miss Hardy, the trained nurse at the hospital and testimony of Mrs. Alves. The court will observe from the record that appellee was injured in January and was brought from the hospital, where he had been continuously since his injury, to the court room when this case was tried on the 7th day of May, and it was not known how long he would have to remain in the hospital.

We respectfully submit that this case should certainly be affirmed.

HOLDEN, J., delivered the opinion of the court.

Appellant operated an oyster cannery in the city of. Biloxi. Its canning house was on the beach, and its wharf extended from the house out over the waters of the harbor. Schooners laden with oysters for the factory would moor at the wharf. Tracks were projected from the house running out upon the wharf upon which small crated cars, twenty-two inches wide and eighteen inches deep, with seven-inch wheels, pushed by hand, conveyed the oysters from the boats to the factory. The oysters were then steamed in the crates on the cars, causing the grease to be removed from the car wheels, necessitating the wheels being greased on each trip of the cars out when empty. The appellee, Joe Alves, a minor fourteen years of age, was employed by the appellant to grease and regrease the wheels of these empty cars on the wharf while they were stopped and awaiting transfer to the loading track to be loaded from the schooner moored at the wharf. While the appellee was serving appellant in this capacity on the wharf, he stepped into a hole in the wharf which caused him permanent injury. This hole was about six inches wide and twelve inches long, and was used by appellant as a slot with a wire cable running through it, which connected with a derrick that lifted the oysters, in baskets, from the boat into the cars. The hole was open and unguarded until after the injury occurred. The case was submitted to the jury on the question of whether or not the master was guilty of negligence in failing to provide the servant a reasonably safe place in which to work, and there was a verdict and judgment in favor of appellee, from which this appeal is taken.

The appellant contends that the lower court erred in not granting a peremptory instruction to the jury to

find for the defendant below, and urges three reasons in support of his position: First, it is not liable because appellee was not engaged within the scope of his employment at the time he was injured; second, there is no liability, because appellee failed to show the negligence of appellant, and the risk was assumed; third, appellant is not liable, because appellee knew the hazardous situation and knew of the presence of the hole and willingly stepped into it, invoking the doctrine of *volenti non fit injuria.*

The testimony in the record shows that it was the duty of appellee, Joe Alves, to grease the cars at any point at which they might stop on the wharf, and that the cars, when empty and ready to be greased, were not put at any particular place on the tracks but were left wherever they were shoved to, and when he did grease a car he would transfer it to the loading track and shove it to the proper place to be loaded from the schooner. On the occasion when appellee was injured he was serving withing the purpose of his employment in waiting upon the wharf to grease the next car when empty. He would grease the cars all along the track, wherever they might stop, the performance of his duty requiring him to walk over and along the track on the wharf. At the time he was injured there was no car to grease, and he had gone over to another employee who was operating the derrick and asked him if he needed another car, it appearing that it was appellee's duty to shove such car to the proper place for loading if needed, and the operator of the derrick informed him that he did not need another car at that time. Appellee then turned to walk back to the "steam box," and as he walked along the track he stepped into the hole, through which the steel cable was being operated in hoisting oysters from the boat, and his leg was caught and mangled, resulting in very serious and permanent injury. The day the injury occurred was the first day that the appellee had worked on the wharf, and he had

not been instructed of the dangers, nor had he been instructed to remain at any one particular place for the purpose of greasing the cars, but was given general instruction to grease the cars wherever they might be standing on the tracks.

There is testimony in the record tending to show that appellee at the time he was injured was not engaged in any independent pastime, but was in and about the master's business; that is, he was not playing, nor engaged about any matter outside of the duties and scope of his employment. Therefore we think that, while the appellee was not actually engaged in greasing the cars for the master at the very moment when he was injured, yet he was in the employment and about the master's business at a place incidental to his work, where he had a right to be as a servant employed to do that particular character of work, when he stepped into the hole and was injured. So it will be readily observed that there is a marked difference between the facts of this case and the case of *Yazoo, etc., R. Co.* v. *Slaughter,* 92 Miss. 289, 45 So. 873.

The second contention is that the master was not guilty of negligence because the place in which the servant was working was a reasonably safe place. In other words, that having the dangerous and unguarded hole in the wharf, with the cable running through it, put there and maintained by the master, was not negligence. We cannot agree with appellant in this contention. Under the facts and circumstances of this particular case, it clearly appears to us that the master was negligent in establishing and maintaining an unsafe place in which this inexperienced boy was required to work. To say the least, it was undoubtedly a question of negligence *vel non* to be submitted for the determination of the jury. The record shows that after the injury occurred the master boxed and guarded the hole so as to make it safe to persons and employees who had to walk along and about the tracks on this wharf

in the performance of their duties.  Of course, the fact that the master remedied the dangerous condition after the injury occurred is not an admission of negligence, but is to be considered only in determining whether or not the master was guilty of negligence in the first instance in not boxing or guarding the dangerous hole so as to prevent injury to persons employed there who might step into it.  It was not necessary to leave the hole open and unguarded in order to effectively carry on the work of hoisting and loading the oysters, because the wire rope ran through the hole perpendicularly, and the derrick and wire pulley could be operated as well when the hole was boxed up or guarded as when it was open.  It may be true that the appellee was guilty of contributory negligence in stepping into the hole, but his contributory negligence cannot defeat his cause of action if appellant is guilty of negligence, but should be considered only in diminishment of the damages.  It is also true in this case that the appellee knew that this hole and several other holes, of the same kind and character and used for the same purpose, were there on the wharf, yet this would not bar his right of recovery if the master was guilty of negligence in failing to furnish the servant a safe place in which to work.

"The duty of the master extends to preventing the premises upon which he requires the servant to work from containing dangerous pitfalls, holes, obstructions, or other mantraps, in which his servant is liable, unguardedly, to fall, while his mind is absorbed in the duties of his employment," or during momentary forgetfulness of the presence of the danger.  *City of Natchez* v. *Lewis,* 90 Miss. 310, 43 So. 471.

As to the third contention of appellant, in which he invokes the doctrine of *volenti non fit injuria,* we think that the principle is inapplicable in this case.  It does not appear from the record that the appellee willingly or of his own volition stepped into the hole, nor was he

injured by his own consent, and there is no assumption
of risk in this state, where the master is guilty of neg-
ligence.

The lower court was liberal in granting instructions
to the appellant properly submitting to the jury the
questions of whether the appellee was acting within
the scope of his employment at the time he was
injured, and whether or not the master was guilty of
negligence in failing to furnish a reasonably safe place
in which the servant was required to work.    Taking
the record as a whole, we are unable to find any re-
versible error in the case.

The verdict of five thousand dollars is not grossly ex-
cessive.

The judgment of the lower court is affirmed.

*Affirmed.*