ARMSTRONG TIRE & RUBBER CO. v. HARRIS.

Division A. Jan. 2, 1951.

No. 37748 (49 So. (2d) 727)

Laub, Adams, Forman & Truly, for appellant.

Berger & Callon, and Jos. E. Brown, for appellee.

**Kyle, J.**

This is a suit by Steve Harris, the appellee, plaintiff in the court below, against Armstrong Tire & Rubber Co., appellant, defendant in the court below, for damages for personal injuries alleged to have been sustained by the appellee in the course of his employment by the appellant, while the appellee was helping to take inventory of raw materials and supplies and other property on hand in appellant's plant at Natchez, Mississippi, during the month of December, 1948. The appellee sustained his injuries as a result of a fall from a stack pile of sacks of powdered sulphur approximately 15 feet high, which were stored in appellant's warehouse at the above mentioned plant, and which appellee was helping to inventory at the time of the accident.

The plaintiff in his declaration alleged that his injuries were caused by the negligence of the defendant in failing to exercise reasonable care to furnish the plaintiff a reasonably safe place to work, in that the stack pile of sacks of powdered sulphur upon which the plaintiff was required to work had been improperly stacked or had been undermined by the withdrawal of two or three sacks of sulphur from one of the layers near the top of the stack, thereby leaving an opening underneath the top layers, not readily visible, which was likely to cause a cave-in of a part of the stack and cause injury to a person working on top of the stack, all of which the defendant knew, or by the exercise of reasonable care should have known. The defendant in its answer denied that the defendant had failed to exercise reasonable care to furnish plaintiff with a reasonably safe place to work as alleged in the declaration; and the defendant denied that it had any knowledge that the stack of sulphur on which the plaintiff was working at the time of the accident was in any way unsafe. And the defendant averred in its answer that the plaintiff assumed the risk to which he was subjected at the time of the accident.

The plaintiff, Steve Harris, testified that on the morning of December 24, 1948, he was ordered by his foreman to climb upon the stack pile of sacks of powdered sulphur and count the sacks and make an inventory of the same, and that in obedience to the foreman's command he mounted the stack pile, which was made up in tiers of 8 sacks to the layer and 8 layers to the skid and 3 skids to the stack, making a total elevation of approximately 15 feet; that after counting the number of sacks in the adjoining stacks he crossed over to the stack on which he was working at the time the accident occurred, and while he was engaged in making the inventory of the sacks of sulphur in the stack on which he was standing, the stack careened, and he fell to the concrete floor, 15 feet below.

Hardin Wallace, who was also an employee of the defendant, testified that he was helping Harris take the inventory, and at the time of the accident was standing on the concrete floor only a few feet away from the place where Harris fell. Wallace testified that after Harris had recovered somewhat from the effects of the fall he and Harris examined the stack to ''see why Harris fell'', and that they found that two sacks of sulphur were missing from the third layer of the stack from the top. Harris testified that the top of the stack upon which he was standing at the time of his fall was level. From these facts it appears that Harris' weight on the sacks immediately above the space from which the two sacks were missing, caused the cave-in which sent Harris to the floor.

The case was submitted to the jury under proper instructions of the court, and the jury returned a verdict for the plaintiff.

The appellant asks that the judgment be reversed on the grounds that the court should have granted the peremptory instructions requested by the defendant, and

that the verdict of the jury is contrary to the law and the evidence.

The attorneys for the appellant in their brief rely mainly upon the case of Meridian Grain & Elevator Co. v. Jones, 176 Miss. 764, 768, 169 So. 771, and the case of Gulf, M. &. N. R. Co. v. Brown, 143 Miss. 890, 108 So. 503. · In the Meridian Grain & Elevator Co. case, which was an action for damages caused by the failure of a feed manufacturer to furnish an employee a reasonably safe place to work, the court held that the evidence was insufficient to show that the manufacturer should have reasonably anticipated the harmful effects of dust from grain upon the health of an employee working in the plant. In the Gulf, M. & N. R. Co. case, the employee was a member of one of the appellant's bridge crews and at the time of his injury was engaged in helping to repair one of the appellant's wharves at Mobile, and the court held that the rule requiring a master to use ordinary care to provide a reasonably safe place for the servant to work is not applicable to a case in which the work which the servant is employed to do is of such a nature that its progress is constantly changing the condition as regards an increase or diminution of safety.

The facts in neither of those cases resemble the facts developed in the case which we now have before us.

"Ordinarily, an employee has a right to assume that he may safely act under the direction or command of his employer or of the foreman or other superior employee under whom he is working. Accordingly, in determining the issue as to responsibility for the employee's injury, much importance attaches to the fact that the employer or his representative gave a command, order, or direction to the employee to do the act which resulted in injury to the latter. Where this fact is shown, the issue as to responsibility or negligence is held, ordinarily, to be properly submitted to the jury.

"It is a fundamental of the relation of master and servant that the servant shall yield obedience to the

master; and this obedience an employee properly may accord even on being confronted with perils that otherwise should be avoided.'' 35 Am. Jur. p. 698, Sec. 273.

In the case of Sea Food Co. v. Alves, 117 Miss. 1, 77 So. 857, 858, this Court said that '' ██ ██ 'The duty of the master extends to preventing the premises upon which he requires the servant to work from containing dangerous pitfalls, holes, obstructions, or other man-traps, in which his servant is liable, unguardedly, to fall, while his mind is absorbed in the duties of his employment,' or during momentary forgetfulness of the presence of the danger.'' In the case of Finkbine Lbr. Co. v. Cunningham, 101 Miss. 292, 57 So. 916, the court said that the duty of the master to furnish his servant a reasonably safe place to work is a continuing duty, it is not satisfied by putting the place in a reasonably safe condition once and then allowing it to become dangerous while the servant is at work, but it must be reasonably safe at all times.

After a careful examination of the testimony in this case we think that the case was properly submitted to the jury and that the evidence was sufficient to justify the verdict for the plaintiff.

Appellant also complains of the amount of the verdict. The plaintiff was injured on December 24, 1948. Two or three days after the accident, plaintiff as a result of the after effects of his fall found it necessary to enter a hospital for treatment and to submit to an operation for a hydrocele of the right testicle. He was in the hospital 7 days, and was unable to work for 31 days. At the time of his injury he was earning $46.40 a week. We do not think that the amount of the verdict is excessive.

For the reasons stated, the judgment of the circuit court will be affirmed.

Affirmed.