## J. MARX v. W. C. TRUSSELL.

1. PRACTICE — SET OFF — APPEAL FROM JUSTICE'S COURT.— T. brought his
suit against M. in the justice's court, and obtained a judgment. M. took
an appeal to the circuit court. In that court M. obtained leave of the
court, and filed a set-off, for the first time, on the motion of counsel; the
court refused to permit him to offer any proof in support of his set-off be-
cause no set-off was filed in the justice's court; *held*, that the circuit court
ruled correctly. Rev. Code §§ 1305, 1306, 1334.

ERROR to the Circuit Court of Lauderdale County. Hon.
ROBERT LEACHMAN, Judge.

This was an appeal from a justice's court to the circuit court of
Lauderdale county, and there tried at the May term 1872, of said
court. Judgment was rendered in the justice's court against
plaintiff in error, Marx, and he took his appeal, and in the circuit
he obtained leave to file his set-off, which he filed on the 24th of
May, 1872, and on the 29th of May the case came on to be tried,
and after the plaintiff in the court below had introduced his testi-
mony and rested his case, the defendant, Marx, was offered as a
witness to prove his set-off; opposing counsel objected, because the
set-off had not been filed in the justice's court, and the circuit court
sustained the objection, and refused to allow any testimony in
support of the set-off. The jury rendered a verdict for the plaint-
iff below; a motion was made for a new trial which was by the
court overruled.

And the case comes to this court upon a writ of error.

*Ramsey & Shannon*, for plaintiff in error :

The only question in this case is the correctness of the ruling
of the circuit court, deciding that the court had no power to allow
a set off filed in an appeal case, unless it was filed in the justice's
court.

We think there can be no doubt as to the power of the court
to such an amendment, whether a set off had been filed it in the
justice's court or not. Rev. Code, § 621.

*Roberts & Grace,* for defendant in error:

"Appeals to the circuit court shall be tried anew in a summary way," etc.   Rev. Code 1871, § 1334.

The defendant is required to file his set off on or before the return day of the summons.   Rev. Code 1871, § 1306; Vaughan v. Robertson, 22 Ala., 523–5; Smith v. Fleming, 9 ib., 768.

TARBELL, J., delivered the opinion of the court.

This cause originated before a justice of the peace. The action was on open account. There was a judgment for the plaintiff in the action, and the defendant appealed to the circuit court. The same result followed in the latter court, when the defendant in the action prosecuted a writ of error. The question for the decision of this court is, whether the defendant in the action, having failéd or neglected to file with the justice of the peace a written statement of his set off against the demand of the plaintiff, was entitled to amend by filing it in the circuit court.

The Code, § 1305, directs the mode of bringing suit before a justice of the peace, and then follows § 1306, which provides that "the defendant in any such action shall, on or before the return day of the summons, and before the trial of the case, file with the justice of the peace, the evidence of debt, statement of account, or other written statement of the claim which he may desire to set off against the demand of the plaintiff, and in default thereof, he shall not be permitted to use it on the trial." It is understood from the record, that the defendant made no attempt to file or to give evidence of any set off before the magistrate, but wholly, and, inferentially, purposely omitted to file or present his counterclaim in that court. Nothing appears, otherwise; and the first time that a set off is referred to is in the circuit court, which court ruled that the statement could not then be filed, and rejected evidence offered in proof of ·the items of the account thus sought for the first time to be set up in the cause.

It is the opinion of this court, that the provisions of § 621 of

the Code, relative to the amendment of pleadings and proceedings in the circuit court, do not apply to the case made in the record under examination. This view is strengthened by the language of § 1334, which provides that "appeals to the circuit court shall be tried anew, in a summary way, without pleadings in writing," evidently intending that the parties should be confined, on appeal, to the issues made before the magistrate. But this remark is not intended to deny to the circuit court power to amend issues made and set off filed in the justice's court. The Code, § 1306, is positive and prohibitory in its language and intent in the case stated therein.

, A contrary rule might operate harshly, by throwing the costs of both courts upon the plaintiff in the action, and this might be the sole object of the defendant in neglecting to file a statement of his set off with the justice of the peace.

Judgment affirmed.