JOHN R. ANDERSON v. WILEY J. MAXWELL.

[48 South. 227.]

1. EVIDENCE. *Parol to vary writing. Failure to seasonably object. Motion for new trial.*

   Objections to the competency of parol testimony as varying the terms of a written instrument cannot be made for the first time in a motion for a new trial.

2. SAME. *Grantor and grantee. Rent reserved by parol.*

   Where, in an issue between them touching rents, the grantee in an absolute deed permitted the grantors, without objection to prove by parol that he reserved the right to collect the rents for the current year, maturing after the execution of the deed, he cannot after verdict complain of the incompetency of the testimony.

FROM the circuit court of Lincoln county.

HON. MOYSE H. WILKINSON, Judge.

Anderson, appellant, was plaintiff in the court below; Maxwell, appellee, was defendant there. From a judgment in favor of Maxwell, Anderson appealed to the supreme court.

Maxwell sold his farm to Anderson in April, 1907. After the sale a dispute arose between them as to who should receive the rent of the current year, due in November, 1907, from tenants who leased from Maxwell prior to the sale. Anderson sued out an attachment for rent after it became due against one of the tenants and Maxwell propounded an issue claiming that the rent was due to him and that he as landlord was entitled to the agricultural products distrained. An issue was joined, and in the circuit court Maxwell contended, and Anderson denied, that in the sale of the land Maxwell retained ownership of the rent notes given by the tenants, with the right to collect them when due. This issue was presented to and decided by the jury, the verdict being in favor of Maxwell. After verdict and judgment, Anderson made a motion for a new trial in which he raised,

for the first time, the question of the competency of parol testimony to show that the rent was reserved or excepted by the grantor, the deed of conveyance being an absolute one on its face.

*J. W. Cassedy* and *J. A. Naul,* for appellant.

It is a fundamental proposition that rents to accrue follow the title of the leased land; and that to be retained by the vendor of land who sell before the rents are due, the deed of conveyance must expressly provide therefor. *Keesee v. Sloan,* 69 Miss. 369, 11 South. 631; *Watkins v. Duvall,* 69 Miss. 364, 13 South. 727.

*P. Z. Jones,* for appellee.

On the issue involved in the pleading and under the evidence in the court below, the appellant lost before the jury. After a full and a fair hearing of his contentions, by the jury, and after their determination of his contentions by a verdict adverse to him, he has appealed, and now, for the first time, save in his motion for a new trial, he makes a change of front, and seeks reversal of the judgment on a ground not presented to the jury in the court below. He has waited too long, and this court will not now consider the proposition on which he seeks a reversal.

FLETCHER, J., delivered the opinion of the court.

This case was tried in the circuit court without objection upon testimony and instructions which recognized the regularity of the proceedings and the competency of the testimony. In this court it is sought to challenge the result of the trial upon grounds never suggested until after verdict in the conduct of the case below. We think it is too late to alter the scope of the issue or the course of the pleadings. Appellant must stand upon the record which he made in the circuit court.

*Affirmed.*