RICHARDSON CORPORATION *v.* STANDARD DRUG CO.*

[106 So. 95. No. 25246.]

(Division B. Nov. 30, 1925.)

1. APPEAL AND ERROR. *Only one of several reasons for reversal selected therefor.*

When case may be reversed for several reasons, only one is selected on which to base reversal; it being unnecessary to pass on the others.

2. JUSTICES OF THE PEACE. *Offset must be filed with justice before trial.*

Under Code 1906, section 2740 (Hemingway's Code, section 2239), defendant in action originating in justice court may not use on the trial an offset not filed with the justice "on or before the return day of the summons and before the trial."

---

*Headnotes 1. Appeal and Error, 4 C. J., Section 2541; 2. Justices of the Peace, 35 C. J., Section 234.

APPEAL from circuit court of Lauderdale county.

HON. R. M. BOURDEAUX, Judge.

Action, originating in justice court, by the Richardson Corporation against the Standard Drug Company. Judgment for defendant, and plaintiff appeals. Reversed and judgment rendered.

*W. C. Sams,* for appellant.

The provisions of section 2239, Hemingway's Code, are mandatory. The word "shall" is used. If the provisions of this section of this statute are not complied with, then the defendant shall not be permitted to use the plea of set-off on the trial. The wording of this statute is very clear and unambiguous. Its meaning cannot be mistaken. The statute requires the plea of offset shall be filed on or before the return day of the summons and before the trial of the case. The wording is not "or before the trial of the case." The word "and" is used.

This remedy was unknown to the common law; it is purely statutory and strict compliance with the statute must be had. In *Pond* v. *Niles,* 31 Me. 131, the court held that: "An offset cannot be allowed unless it be filed the first day of the term to which the writ was returnable, and the clerk has made an entry on it the day when it was filed." In *Marx* v. *Trussel,* 50 Miss. 499, our supreme court, speaking through Judge TARBELL, construed section 1306, Code of 1880, which is practically the same as section 2239, Hemingway's Code, and held that, "section 1306 is positive and prohibitory in its language and intent . . ."

We are driven to the conclusion that the supreme court should reverse the lower court's decision and render its judgment for one hundred thirty-three dollars and fifty cents with legal interest from November, 1923, and statutory damages.

*McBeath & Mahon,* for appellee.

Regarding the ground that the plea of set-off was not filed within the time prescribed by the statute, we do not find that the supreme court has ever passed on this question directly, and we note that counsel for appellant does not cite any authorities directly in point.

The evident purpose of this statute is to require a party pleading offset to file it before the trial of the cause, and not afterwards. This offset was filed on September 18, 1923, and the cause was tried more than two months later. Certain it is that appellant did not suffer by reason of the delay.

*Marx* v. *Trussell,* 50 Miss. 499, cited by opposing counsel, is not decisive of the case at bar. There the court simply decided that an offset could not be filed for the first time in circuit court, where the action was brought originally in the justice court. The sole reason given by the court is that a different case ought not be presented in circuit court from that in which the case was tried in the justice court.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, Richardson Corporation, sued the appellee, Standard Drug Company, for one hundred twenty-six dollars on an open account for goods sold and delivered to the appellee. The appellee successfully defended against the claim in the lower court, by showing an offset in a greater sum than that sued for; this appeal is prosecuted from that judgment.

At the trial of the case, the appellee, Standard Drug Company, filed an offset, in which it claimed that it had suffered damages on account of a previous shipment of goods four years before that time, these goods being known as "Orange Rich," and that the "Orange Rich" was spoiled or defective, and that appellee paid two hundred seventy-three dollars and sixty cents on this shipment of goods, and claimed that it was due this.

amount, which it offered as a set-off against the claim of appellant for one hundred twenty-six dollars in this case.

To state it more specifically, the appellee, Standard Drug Company, was allowed to off-set the claim of the appellant by proving a set-off of unliquidated damages which accrued about five years before the appellant's demand herein was due, and the alleged damages had accrued by reason of a prior defective shipment of goods, which appellee had received, accepted, and voluntarily paid for more than four years before the offset was filed. Furthermore, the appellee failed to file its alleged offset in the lower court "on or before the return day of the summons," as required under the statute. Section 2740, Code of 1906 (section 2239, Hemingway's Code).

It will be observed that the appellant urges a reversal upon four different grounds, namely: First, that the offset was barred by the statute of limitations, the demand having accrued more than four years before; second, the offset was not "filed on or before the return day of the summons," and therefore it could not be used in the trial under the statute referred to above; third, the alleged offset was one for unliquidated damages, and therefore cannot be offered against the account of appellant; and, fourth, that appellee accepted and voluntarily paid for the goods when shipped to it and made no complaint for four years thereafter, and thus is now estopped to complain.

It will be seen at a glance that the judgment of the lower court must be reversed, and we have only to pick out the surest ground to reverse on. When a case may be reversed for several reasons we select only one to base our action upon, because it is unnecessary to pass upon the others.

We shall, in this case, reverse the judgment of the lower court upon the ground that the offset offered by the appellee was not filed with the justice of the peace

"on or before the return day of the summons, and before the trial of the case," and therefore could not be used on the trial. Section 2239, Hemingway's Code; *Marx* v. *Trussell,* 50 Miss. 499.

The other three reasons presented for reversal are such as to attract very serious attention, but we omit passing upon them, because the judgment will be reversed on the second ground named.

The judgment of the lower court is reversed, and judgment entered here for appellant.

*Reversed, and judgment here for appellant.*