STANDARD OIL CO. *v.* FRANKS.

(Division B. Oct. 2, 1933. Suggestion of Error Overruled Oct. 30, 1933.)

[149 So. 798. No. 30707.]

**Winchester & Bearman,** of Memphis, Tenn., and **Creekmore & Creekmore** and **E. C. Sharp,** all of Jackson, for appellant.

Jas. A. Cunningham, of Booneville, for appellee.

Argued orally by **Wade H. Creekmore** and **E. C. Sharp**, for appellant, and by **J. A. Cunningham**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee was a servant at an oil and gasoline station, commonly called a service station, operated by appellant through an agent. There was an air pipe which extended across and over the ground adjacent to the gasoline pump, and which at the point of injury in this case was exposed about three or four inches above the ground and for a length of about three feet. This air pipe, according to the evidence, as believed by the jury, was in a dangerous position, in that when an employee called to serve the gasoline pump went to that place in the performance of his duties he would, unless on the alert, be liable to trip his feet on or against this exposed pipe line thus situated and elevated above the ground. On the occasion in question, the servant while engaged in the performance of his duties did trip his feet upon this exposed air pipe and suffered a violent fall and the consequent injuries for which he brought this action and recovered judgment.

We have said that appellant was operating this station through an agent. It is the main contention of appellant, however, that the person there in general charge was not an agent but was an independent contractor, and that appellee was not an employee of appellant but was the servant of said independent contractor. We have carefully examined the several contracts and the pertinent testimony bearing thereon, which, in substance, is undisputed, and we find that the record is so clear and free from doubt that the person in general charge was an agent and not an independent contractor that no value would result in a recital by us of the facts on that point or of the law to be applied thereto. There was no error by the trial judge in so holding as a matter of law and in instructing the jury accordingly, as he did.

It is next argued by appellant that the elevated and exposed situation of the air pipe was well known to appellee, and had been known to him for a long time, and that he therefore assumed the risk of the obvious danger. Under the facts of this case, appellant was the master and appellee the servant of appellant. The injury re-

sulted in whole or in part from the negligence of the master; wherefore under our statute, section 513, Code 1930, the servant cannot be held to have assumed the risk.

Much is said in appellant's brief about the nature of the injury and about the doubt that there was any substantial injury, and upon the point that the verdict is excessive in that regard. We must assume that what has been said by appellant on this subject was by way of inducement, for there was no motion for a new trial; and we have no doubt that learned counsel for appellant were and are well acquainted with the rule that this court is without authority to review a verdict for excessiveness, in the absence of a motion for a new trial assigning that objection as a ground. See St. Louis & S. F. R. Co. v. Bridges, 156 Miss. at page 218, 125 So. 423, and cases there cited.

Appellant makes one point that would be well taken except for the state of this particular record. That objection and assignment is that the court admitted evidence that subsequent to the injury appellant had repaired the place and had placed the offending air pipe about six inches underground.

It is the general rule, and the authorities are very nearly unanimous upon it, that where a place, method, or appliance is alleged to have been dangerous and negligently so, and to have been the proximate cause of an injury, evidence that subsequent changes, repairs, or betterments have been made by the person sought to be charged is inadmissible to show antecedent wrong or as an admission of negligence on the particular occasion in question. This rule is founded in public policy, which requires that men should be encouraged to repair and improve, and to take precautions against recurrence of injury, and that they should not be deterred therefrom by the fear that, if they do so, their subsequent acts in that regard will be received in evidence and construed as an admission that they were guilty of a prior wrong

or negligence. 1 Wigmore, Evidence, section 283; 3 Jones, Evidence, section 1041; 45 C. J., page 1232.

But this general rule has its reasonable exceptions. One of these is that, where there has been introduced a photograph, taken after the making of the repairs or improvements, evidence may be admitted to show that the repairs and improvements have been subsequently made, and that by reason thereof the photograph does not reveal the exact physical conditions at the time of the accident. 3 Jones, Evidence, section 1043; 45 C. J., page 1235, note 44.

So, in this case, it appears that appellant introduced a photograph taken after the pipe in question had been relaid and placed under the ground. Appellant showed that fact, and, the evidence being admissible to rebut the photograph, such evidence in that state of the record could not be justly excluded.

Affirmed.