MISSISSIPPI POWER CO. *v.* MAY.

(In Banc. April 29, 1935.)

[161 So. 149. No. 31616.]

(In Banc. June 3, 1935.)

[161 So. 755. No. 31616.]

**Eaton & Eaton,** of Gulfport, **Heidelberg & Roberts,** of Hattiesburg, **J. M. Morse,** of Poplarville, and **Wilbourn, Miller & Wilbourn,** of Meridian, for appellant.

582

Hathorn & Williams, of Poplarville, and **Earle N. Floyd**, of Jackson, for appellee.

Argued orally by **R. E. Wilbourn** and **Rowland W. Heidelberg**, for appellant, and by **E. W. Williams** and **F. C. Hathorn**, for appellee.

**Ethridge, J.**, delivered the opinion of the court.

The appellee was plaintiff in the court below, and filed two separate suits against the appellant for deceit and fraud in the sale of preferred stock issued by it. The appellee later filed an amended declaration including two counts in each case, one under the common law for fraud and deceit, and one under the Blue Sky Law, chapter 97, Laws of 1916. The allegations as to the purchase of the stock under the first count, the common-law count, was that in the early part of 1930 the appellee purchased two thousand dollars worth of preferred stock in the Mississippi Power Company, paying therefor in cash, having been induced to buy same on representations made to her by an agent of the Mississippi Power Company that it would guarantee the payment of six per cent. on the money so invested, said interest to be paid quarterly, and that the appellee could, at any time, surrender her stock and receive from the company in cash the amount paid therefor. She alleged that she

did not desire to buy the stock, for the reason that she was a widow with children to educate and might need her money at any time, but the agent assured her that she could get her money at any time she desired it. She stated in her evidence that she asked the agent if her stock would have to be sold for her to get the money, and she was told that it would not have to be sold, that she could either turn the stock over to a local agent to be sent to the company and a check would come to her by return mail, or she could go to Gulfport, the main office of the company, and get her money on surrender of the stock.

The appellant pleaded the general issue, giving notice thereunder that it would offer evidence to prove that the certificate of stock issued to the appellee contained provisions that it was subject to the charter and statutes of Maine under the laws of which it was chartered, and that the purchaser was charged with knowledge that said stock was issued subject to such provisions. The appellant also filed special pleas setting up defenses under the common-law count, but the view we take hereof renders elaboration of that count unnecessary. The appellant also pleaded the three-year statute of limitation and the one-year statute of limitation as to attorney's fees. In the suit on the two thousand dollars worth of stock, there was a claim for attorney's fees amounting to six hundred sixty-six dollars and sixty-six cents, and in the suit on three thousand dollars worth of stock there was a claim for attorney's fees amounting to one thousand dollars, as well as for principal and interest in each case.

There was no proof under the second count of the declaration that the appellant had ever qualified and given bond under the Blue Sky Law, and the declaration did not allege specifically that it had given bond and conformed to the Blue Sky Law of Mississippi.

When the evidence was closed, the appellant requested

a peremptory instruction as to the second count under the Blue Sky Law, which was refused. The appellee, plaintiff, requested and was given an instruction reading as follows: "The court instructs the jury for the plaintiff under the second count of the declaration that if you believe from a preponderance of the evidence in this case that the defendant, Mississippi Power Company, was a private foreign corporation organized for profit at the time it sold the said shares of stock to plaintiff, and that said sales of said stock by said defendant to plaintiff were sales of same to increase the capital stock of said defendant, and that any part of the proceeds derived from said sales of said stock was used for the payment of a commission; and if you further believe, from a preponderance of the evidence in this case, that said defendant made any misrepresentations of material fact concerning said stock to plaintiff in the sale of said stock to plaintiff, then it is the sworn duty of the jury to find for the plaintiff and assess her damage at the sum of five thousand dollars, together with interest thereon at the rate of six per cent per annum from October 1st, 1933, and a reasonable attorney's fee to be fixed by the jury."

The verdict of the jury read: "We, the jury, find for the plaintiff and assess her damages in the sum of six thousand five hundred dollars, which includes a reasonable attorney's fee."

The suits were consolidated, as they presented the same issues except as amounts, dates, etc., and the jury was instructed that they were to be consolidated and tried as one suit. It thus appears that the jury found on the second count of the declaration, as the two suits were only for five thousand dollars, with interest.

There was a motion for a new trial, which was by the court overruled, and from this judgment this appeal is prosecuted.

The appellee having declared on the second count in

each case, the general issue having been pleaded, and there being no proof that the Mississippi Power Company had ever qualified under the Blue Sky Law of this State, and as the appellant's request for a peremptory instruction was refused as to that count, we think there was reversible error in such refusal, and that the appellant's request for a peremptory instruction should have been granted. See White v. Stewart, 166 Miss. 694, 145 So. 747, 748, where it was held that, where a company issuing stock had not complied with the Blue Sky Law, no recovery could be had thereunder. The court there said: ''One of the appellee's contentions is that a right of action against the appellants is given her by section 4186 [Code 1930], but there can be no merit in this. That section applies only to suits against investment companies that have complied with the Blue Sky Law, and, moreover, the appellants are not an investment company, but are brokers, selling stock, bonds, and other securities not issued by them, but by others. The section of the statute within which appellants must be brought in order for the statute to apply to them is section 4188, which defines and regulates dealers in securities issued by investment companies.''

The Blue Sky Law was enacted to enable people to inquire either of the seller or the secretary of state, before buying stock, as to whether that law has been complied with by the seller. If it has been, then the buyer may rely upon its security and the rights it gives. One who does not so inquire has no one but himself to blame; and where, in fact, it has not been complied with, the buyer has no right under it, but is left to the common law, or statutes, for redress.

The Blue Sky Law, chapter 97, Laws of 1916, is materially different from the common-law action for fraud and deceit, or the equitable action of rescission. Under the Blue Sky Law, any material representation made by a selling agent, whether in the scope of his authority

or not, where such representation is false, gives the buyer of stock the right to bring suit for rescission, and said act also provides for attorney's fees.

For the error presented, the judgment of the court below is reversed, and judgment is entered here on the second count in favor of the appellant. The issues involved under the first count of the declaration are not decided herein, but the cause will be reversed and remanded for proceedings under that count.

Reversed and remanded.

## On Suggestion of Error.

**Griffith, J.,** delivered the opinion of the court on suggestion of error.

Appellee, in her suggestion of error, argues in effect that since she failed to allege and prove that the appellant had actually qualified under the Blue Sky Law (Laws 1916, ch. 97), we should consider the case as if the facts were shown that appellant had not qualified thereunder, and that as a consequence we should hold the sale void, entitling appellee to recover the amount paid by her with interest, but without attorney's fees; and appellee relies on Kneeland v. Emerton, 280 Mass. 371, 183 N. E. 155, 87 A. L. R. 1, and the cases cited in the notes to 87 A. L. R., pp. 98-101.

But appellee did not sue in her second count on the theory that appellant had not in fact complied with the Blue Sky Law. On the contrary, she drew her declaration and presented her instructions to the jury on the theory that the appellant, whether it had or had not complied with the Blue Sky Law, was bound by that law, and as to any recovery upon it, as fully and to the same extent as if the defendant had in fact and in every respect complied; and we must, of course, review a case here on the theory on which it was presented in the trial

court, especially as to the theory on which it was submitted to the jury. Williams v. Lumpkin, 169 Miss. 146, 153, 152 So. 842. Appellee failed, as already mentioned, to make the proof of an element essential to the maintenance of an action upon the Blue Sky Law, namely, she failed to prove that appellant had qualified under that law, with the result that we had no option except to reverse.

We held, and now reaffirm our intention to hold, that a plaintiff cannot recover upon the Blue Sky Law unless the selling company has complied therewith, and this must be affirmatively proved. It was not necessary to go further than that to dispose of the present case under the second count of the declaration. However, in our former opinion there appears the following language: "The Blue Sky Law was enacted to enable people to inquire either of the seller or the secretary of state, before buying stock, as to whether that law has been complied with by the seller. If it has been, then the buyer may rely upon its security and the rights it gives. One who does not so inquire has no one but himself to blame; and where, in fact, it has not been complied with, the buyer has no right under it, but is left to the common law, or statutes, for redress." While this language accurately reflects the discussions in conference before the opinion was written, we have concluded, upon a mature reconsideration of the subject, to withdraw the quoted language, and to allow the opinion to stand as if that language, unnecessary to a decision, had never appeared in it. We leave undecided, therefore, and until those questions shall be definitely presented on full argument, whether an intending purchaser must inquire or whether he need not inquire as to the seller's compliance with the Blue Sky Law; also whether a sale, by one who should comply, but is shown not to have done so, is void, or voidable or valid; and also we leave undecided anything upon the statutes of limitations in re-

spect to the Blue Sky Law—in fact, with respect to that law, we decide nothing beyond what is stated in the first sentence of this paragraph.

The suggestion of error will be overruled, as well as the suggestion of error filed by appellant.

So ordered.