WRIGHT *v.* THORNTON *et al.*

(In Banc.   March 27, 1944.)

[17 So. (2d) 437.   No. 35572.]

H. W. Gautier, of Pascagoula, for appellant.

**Ford & Ford**, of Pascagoula, for appellees.

McGehee, J., delivered the opinion of the court.

The record herein discloses that the appellees were sued in a justice of the peace court for the sum of $105, which was admittedly owing to the appellant for three months rent on an apartment. Upon the trial in that court some mention was made by the defendant E. L. Thornton that the plaintiff was indebted to him for work that he had done on the apartment building at her instance and request. But no plea of set-off having been filed an objection was properly sustained to any testimony in that behalf for the reason that 2 Miss. Code 1942,

Section 1822 (Code 1930, Section 2088) provides: "The defendant in any action shall, on or before the return-day of the summons, and before the trial of the case, file with the justice of the peace the evidence of debt, statement of account, or other written statement of the claim, if any, which he may desire to and which lawfully may be set off against the demand of the plaintiff, and, in default thereof, he shall not be permitted to use it on the trial."

A judgment having been rendered against the defendants for the amount sued for they prosecuted an appeal to the circuit court where they interposed a plea of set-off to the demand of the plaintiff, claiming that she was indebted to the defendant E. L. Thornton in the sum of $123 for labor performed in plastering and painting a hall, stairway and two rooms of the apartment building, and which plea denied that Mrs. E. L. Thornton was indebted to the plaintiff for any part of the rent sued for, and alleged that the same was the debt of her husband E. L. Thornton. A demurrer to this plea was interposed by the plaintiff on the ground that the suit for rent was against both defendants and the plea of set-off sought to assert a claim of one of the defendants only against the plaintiff, thereby disclosing that there was no mutuality of indebtedness between the plaintiff and both of the defendants as to the set-off demand. The demurrer was not well taken however, for the reason that it is deemed to have admitted for the purpose of the hearing thereon the allegation of the plea to the effect that Mrs. E. L. Thornton was not indebted to the plaintiff for any part of the rent. Moreover, the record fails to disclose that any order was taken on such demurrer.

No motion was made in the circuit court to strike the plea of set-off as having been filed out of time under the authority of the cases of Marx v. Trussell, 50 Miss. 498; Richardson Corp. v. Standard Drug Company, 141 Miss. 92, 106 So. 95. On the contrary the plaintiff filed a replication thereto denying the indebtedness claimed under said plea and averring that the filing of the plea

was the first notice to the plaintiff of any such demand, and that the making of such counter-claim was an afterthought on the part of the defendant; and which replication also failed to raise the question that the plea of set-off could not be maintained as having been filed for the first time in the circuit court.

The proof in support of the indebtedness of the plaintiff in favor of the defendant E. L. Thornton was not only heard without objection but the testimony in regard thereto was first developed on direct examination insofar as the testimony of the plaintiff on that issue was concerned. Then, too, the plaintiff obtained an instruction to the jury to the effect that the defendants were indebted to her in the sum of $105 for rent and that unless the jury believe from a preponderance of the evidence that the plaintiff employed the defendant Thornton at $1 per hour to do the work of redecorating the building, and that he worked at least 105 hours in doing said work, the jury should find for the plaintiff; also she sought an instruction that the only question in the case for the consideration of the jury was whether or not the plaintiff owed the defendant E. L. Thornton $123, and that unless the jury should so believe the verdict should be in favor of the plaintiff in the sum of $105.

Therefore, we are of the opinion that because of the failure of the plaintiff to object to the filing of the plea of set-off in the circuit court or to the evidence offered in support thereof, together with the submission of the case to the jury upon the issue hereinbefore stated and without objection, she is presumed to have consented to, or at least to have waived objection to, the filing of the same out of time, and is bound by the theory upon which the case was tried in the court below. In the case of Anderson v. Maxwell, 94 Miss. 138, 48 So. 227; the court said: "This case was tried in the circuit court without objection upon testimony and instructions which recognized the regularity of the proceedings and the competency of the testimony. In this court it is sought

. . . to challenge the result of the trial upon grounds never suggested in the conduct of the case below. We think it is too late to alter the scope of the issue or the course of the pleadings." The objection to the filing of the plea of set-off for the first time in the circuit court was not specifically raised until in the motion for a new trial. There was no request for a peremptory instruction on behalf of the plaintiff, and the trial court had been afforded no opportunity to rule on the question of whether the plea of set-off could be filed for the first time in that court, nor do we find where the court. otherwise committed error. And in the case of Williams v. Lumpkin, 169 Miss. 146, 152 So. 842, the court held that the appellant is confined to the position assumed in the trial court, except as to jurisdictional questions. Cf. also Mississippi Power Company v. May, 173 Miss. 580, 161 So. 149, 755, wherein it was held that the Supreme Court must review a case on the theory on which it was presented below, especially the theory on which it was submitted to the jury.

Without regard to the fact that the amount of the demand under the plea of set-off was less than the sum of $200 the circuit court had jurisdiction to pass on the question of whether or not the same could be filed for the first time in that court, since the court had jurisdiction of the case as appealed from the justice of the peace court wherein the plaintiff's demand of $105 was within the jurisdiction of such court. It was too late on the motion for a new trial to raise the issue upon which the reversal of the case is now sought, since the plaintiff was advised of the facts throughout the trial of the case.

Upon the issue as to whether or not there was a mutual indebtedness between both of the defendants and the plaintiff we find that upon viewing the whole record made upon the trial the testimony discloses that while the plaintiff said that she rented the apartment to Mrs. Thornton, she also testified in regard to the rent, "Yes, sir, he owes me that much," and again, "He rented the place

by the month," and that she billed him for the rent, referring to Mr. Thornton. The jury having rendered a verdict in favor of the defendants, and for no amount over against the plaintiff under the plea of set-off, it will be presumed that the jury found on conflicting evidence that the work done by the defendant E. L. Thornton was sufficient at least to pay the rent whether owing by only one or by both of the defendants.

The judgment of the court below must therefore be affirmed.

Affirmed.