CHICAGO MILL & LBR. CO. *v.* CARTER.

In Banc. April 24, 1950.

No. 37479 (45 So. (2d) 854)

**B. B. Wilkes**, for appellant.

**Farish & Keady,** for appellee.

74

McGehee, C. J.

The plaintiff, Frank H. Carter, recovered a judgment for damages on account of personal injury sustained by him as an employee of the defendant, Chicago Mill and Lumber Company, when his arm was drawn into a chain which was around a revolving sprocket wheel on which there were teethlike cogs. His hand slipped off a lever which he was using, about 8 or 10 inches from the sprocket, as a means of shifting the gear that operated the sprocket wheel and furnished the power for turning some paddles inside of a large pot used for mixing glue ingredients of a 200-pound capacity.

The negligence charged is: (1) that the employer failed to exercise reasonable care to furnish the employee with a reasonably safe place to work, and (2) that the gear which the employee was required to shift in the operation of the glue-mixing machine had become very difficult to shift and that he was sometimes unable to shift them at all unless he did so while the sprocket wheel was in motion; that this defective condition of the gear had continued for at least a few months prior to the injury.

While there was a warning in plain view of this employee at his place of work, which read: "Stop Motor Before Changing Speed", he claims that he had first tried to shift the gear on the occasion complained of while the motor was stopped, but could not get the gear to shift; that he then started the motor, then cut it off, and undertook to shift the gear while the sprocket wheel propelled by the motor was still in motion. He claimed that that was the way he had seen the other employees do in shifting the gear and that this was the only way that he knew to carry on his work, if the gear would not shift while the machinery was stopped.

It seems that the employer knew about this practice of the employees since the foreman testified that he had been trying to "catch them at it", for the reason that

the practice was both dangerous to the men and injurious to the machinery. However, the defendant offered no proof that the difficulty in getting the gear to shift at times when the motor was stopped was due to the fault of the plaintiff, and although it was conceded that the gear was difficult to shift, there was no explanation as to why it was permitted to remain in that condition, the plaintiff having testified that such condition existed when he went to work in October before he was injured the latter part of December.

 Under the foregoing state of facts, a majority of the judges are of the opinion that the defendant was not entitled to the requested peremptory instruction in its behalf, but they are of the opinion that in view of the foregoing facts ██ it was error for the trial court to permit the plaintiff, over the objection of the defendant, to show that on the day following the accident, the defendant made a guard from pieces of tin and placed it over the revolving sprocket wheel so as to prevent any further accidents.

It was shown without dispute that the mixing machine was not equipped with a guard over the sprocket wheel when it came from the factory, and that no guard is used by any other prudent operator of such machines throughout the country.

In the case of Standard Oil Company v. Franks, 167 Miss. 282, 149 So. 798, 799, this Court announced a somewhat different view as to the admissibility of evidence in regard to repairs following an accident than that expressed in Sea Food Company v. Alves, 117 Miss. 1, 77 So. 857, it being stated in the Franks case that such evidence is inadmissible as an admission of negligence; that the rule in that behalf, upon which it is said that the authorities are very nearly unanimous, "is founded in public policy which requires that men should be encouraged to repair and improve, and to take precautions against recurrence of injury, and that they should not be deterred therefrom by the fear that, if they do so,

their subsequent acts in that regard will be received in evidence and construed as an admission that they were guilty of prior wrong or negligence.''

It is argued that the above-quoted view of the Court was mere dicta in the Franks case, but it will be found that in the case of Columbia & P. S. R. Co. v. Hawthorne, 144 U. S. 202, 12 S. Ct. 591, 593, 36 L. Ed. 405, the Court said: ''It is now settled, upon much consideration, by the decisions of the highest courts of most of the states in which the question has arisen, that the evidence is incompetent, because the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create a prejudice against the defendant.''

There are, of course, exceptions to the rule against the admissibility of such evidence, where as for example the defendant by his own or its own evidence offers a photograph to show the condition of the machinery or place of work, taken after the accident and after the condition complained of has been remedied or repaired, the plaintiff is permitted to show that the repairs were in fact made after the accident, and also were the only reason given by the defendant for not placing a guard or other protection about the machinery is that to do so would interfere with its safe and successful operation and neither of which exceptions are in the case at bar.

We are of the opinion that the views expressed by the Court in the Franks case and in the federal decision above mentioned is sustained by the weight of authority and should be followed by this Court.

The exclusion of the evidence in question would render unnecessary the giving of instruction #7, which was requested by the defendant and refused.

As to the other instructions, the refusal of which is assigned as error, they are predicated upon the undis-

puted evidence in the case, including the admission of the plaintiff that if he had waited until the sprocket wheel stopped revolving he would not have sustained the injury complained of. However, they ignore the contention of the plaintiff that oftentimes he could not shift the gear at all, when the sprocket wheel was not revolving, and that this was true on the occasion complained of due to the long-neglected and defective condition of the gear, and that this condition brought about the necessity of trying to shift the gear while the wheel was in motion, or to state it differently that the defendant's failure to furnish reasonably safe machinery may have been a contributing cause to the accident.

For the reasons hereinbefore stated, it is the opinion of the Court that the cause should be reversed and remanded for a new trial.

Reversed and remanded.