ROY NOBLE LEE, Chief Justice,
for the Court:
Jack Wactor filed suit in the Circuit Court of Madison County against John H. Moon & Sons, Inc., [Moon] Cook Construction, Inc. [Cook], and the E. Randle Company [Randle] seeking damages for personal injuries sustained in an automobile wreck. The lower court entered summary judgment in favor of Randle against Wactor, and the case proceeded to trial on the merits against Moon and Cook. The jury returned a verdict in favor of those defendants and Wactor has appealed to this Court.
About 12:30 a.m., January 31, 1985, Tracy Taylor was driving a 1979 two-door Toyota in a northerly direction on Interstate 55 in Jackson, Mississippi. Appellant Jack Wactor and Larry Slaughter were riding in the vehicle with Taylor. In the vicinity of Briarwood Drive, extensive construction was underway on the interstate. A short distance north of the Briarwood Drive exit, traffic was diverted to the east of the highway onto a temporary detour road.
Taylor turned upon the detour road, hit a pool of standing water, which covered it, *1366 and lost control of the vehicle. The automobile spun off to the right shoulder of the detour road and to the adjacent frontage road, which was under construction and closed to traffic, continued across the frontage road, hit an open storm sewer, and finally collided with a wooden light pole. The automobile was totally destroyed. Taylor sustained moderate injuries, Slaughter eventually died as a result of his injuries, and appellant suffered a broken neck and was rendered a quadriplegic.
Appellees Moon and Cook were engaged as joint venturers in the construction on Interstate 55. Cook constructed the temporary detour road on which the accident started. Randle constructed the adjacent frontage road. Appellant alleged that ap-pellees negligently failed to provide for adequate drainage and to warn of the dangers on the detour road.
The evidence indicated that two or three inches of water was running across the depression on the night of the accident; that water had collected at the place on other occasions; and that other drivers of vehicles previously had encountered the same condition with water in the depression.
According to Taylor, the driver, he was driving at a speed of 40 mph at the time of the accident. The accident reconstruction expert for appellant testified that the car was going 45 mph at the time it struck the water-filled depression. An accident reconstruction expert for appellees testified that the speed of the car was 80 mph.
I.
THE LOWER COURT ERRED IN DISMISSING THE E. RANDLE COMPANY BY WAY OF SUMMARY JUDGMENT.
The evidence is undisputed that Randle constructed the adjacent frontage road; that Cook constructed the temporary detour road on which the accident occurred (started); that Randle had no part or connection with the construction and maintenance of that detour road; and there was no genuine issue of material fact for submission to a jury. Instruction P-4, which was submitted by appellant and given by the court, follows:
The Court instructs the jury that E. Randel [sic] Company is not in any way responsible for the accident that occurred on January 31, 1985, and the jury is further instructed that in rendering its verdict, it may not in any way consider, as a proximate contributing cause of the accident, the fact that there was an open drain hole near the curb struck by the vehicle of Tracey [sic] Taylor.
Obviously, appellant’s purpose in submitting Instruction P-4 was to place all blame for the wreck upon the negligence of Moon and Cook and to discount any possible negligence on the part of Randle. Appellant received the benefit of Instruction P-4 at trial and cannot take an inconsistent approach to the law of the case which he established at trial. Scafidel v. Crawford, 486 So.2d 370 (Miss.1986); Miss. State Bldg. Comm’n v. S & S Moving, Inc., 475 So.2d 159 (Miss.1985); Clayton v. Thompson, 475 So.2d 439, 445 (Miss.1985); Friendly Finance Co. of Biloxi, Inc. v. Mallett, 243 So.2d 403 (Miss.1971); Miss. State Highway Commissioner v. Spencer, 209 So.2d 821 (Miss.1968); Wright v. Thornton, 196 Miss. 395, 17 So.2d 437 (1944); Seward v. First National Bank in Meridian, 193 Miss. 656, 8 So.2d 236 (1942).
The lower court did not err in granting summary judgment for Randle.
II.-III.
THE LOWER COURT ERRED IN NOT ALLOWING INTO EVIDENCE THE SUBSEQUENT MODIFICATION OF THE TEMPORARY DETOUR ROAD.
THE LOWER COURT ERRED IN NOT ALLOWING PICTURES TAKEN BY STEVEN COLSTON TO BE ALLOWED INTO EVIDENCE AND TO BE SEEN BY THE JURY.
The law has been well established in this state that it is improper to introduce *1367 evidence of subsequent remedial repairs to establish negligence. Mitcham v. Illinois Central Gulf RR Co., 515 So.2d 852, 857 (Miss.1987); Catholic Diocese of Natchez-Jackson v. Jaquith, 224 So.2d 216 (Miss. 1969); Chicago Mill & Lbr. Co. v. Carter, 209 Miss. 71, 45 So.2d 854 (1950); Standard Oil v. Franks, 167 Miss. 282, 149 So. 798 (1933). However, where a defendant claims that subsequently-modified conditions were the same conditions which existed at the time of the accident, there is an exception to the rule. Chicago Mill & Lbr. Co. v. Carter, supra. Appellant argues this exception, contending:
The defendants’ expert witnesses relied on pictures taken subsequent to the repairing. Testimony elicited from these experts was based on the condition of the detour road after the repaving was done in April, 1985_ Because of the differences in the pictures, plus the experts' reliance on existing road conditions, the Jury should have heard the reasons for the changes, in order to reach a more informed verdict.
The experts for appellant and appellees in the present case made their on-site measurements after the depressions in the temporary detour road had been repaired. Each expert took into consideration the effect of a water-filled depression in the road. Their conclusions were not limited to the condition of the detour road as subsequently modified. Without question, it is unlikely that the jury could have inferred that the later condition of the detour road was the same as existed at the time of the accident.
Assignment II is denied.
Appellant contends thirdly that the lower court erred in not allowing pictures taken by Steven Colston into evidence. Mr. Colston was called to the stand by appellant for the purpose of introducing photographs which he had taken of the detour road. Simply, Colston was unable to qualify the photographs by testifying that they were a fair and accurate representation of the scene as it existed at the time of the accident. There was no error committed in sustaining the objection to the introduction of the photographs. Lowery v. Illinois Central Gulf RR, 356 So.2d 584 (Miss. 1978); Louisville & Nashville RR Co. v. Daniels, 252 Miss. 1, 172 So.2d 394 (1965); Gulf, Mobile & Ohio RR Co. v. Golden, 221 Miss. 253, 72 So.2d 446 (1954).
IV.
THE LOWER COURT ERRED IN ALLOWING INTO EVIDENCE A PREVIOUS DRUG OFFENSE OF TRACY TAYLOR WHICH HAD BEEN EXPUNGED FROM THE COURT RECORDS.
Tracy Taylor, driver of the vehicle in which appellant was riding, testified for him at trial. Appellees sought to impeach Taylor’s credibility by introduction of a pri- or conviction for possession of marijuana upon a guilty plea February 29,1984, in the Municipal Court of Jackson, Mississippi. Appellant contended that the impeachment was improper because the conviction had been expunged. Appellees argued, and the record reflects, that the order of conviction was expunged on December 15, 1985, a Sunday, which was the day before trial. Mississippi Code Annotated § 21-23-7 (Supp.1985), provides that a municipal judge “may hold court every day except Sundays, and legal holidays.” Sunday is a non-judicial day, and, as a general rule, courts may not sit on Sunday. Robb v. Ward, 266 So.2d 133, 134 (Miss.1972). The lower court correctly held that expungement on Sunday, December 15, 1985, was void. 73 Am.Ju.2d Sundays and Holiday § 114, at 868 (1974).
After the lower court ruled the conviction admissible, the appellant made no objection that the evidence was prejudicial. Therefore, the point was not properly preserved for review here. Anderson v. Jaeger, 317 So.2d 902 (Miss.1975).
We have carefully considered assigned Errors V, VI, VII and VIII, find that there *1368 is no merit in them, and do not address such assignments. Therefore, the judgment of the lower court on direct appeal is affirmed.
CROSS-APPEAL
The jury was instructed, as a matter of law, that Cook and Moon were joint ventur-ers and were equally liable for the negligence of the other. Moon has cross-appealed “out of an abundance of precaution,” assigning that the lower court erred in holding that the appellees Moon and Cook were engaged in a joint venture.
In view of the fact that the case has been affirmed on direct appeal, we decline to address the cross-appeal.
AFFIRMED.
HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., not participating.